## THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY C. BAKER, Respondents, v. GEORGE BEATTY and Others, Appellants.

*Criminal procedure — when objections not raised in the lower court cannot be taken on appeal — Code of Criminal Procedure, sec. 751.*

Upon the hearing of an appeal from a judgment of the Court of Sessions of Queens county, affirming a judgment of a Court of Special Sessions, convicting the defendant of disturbing certain oyster beds, it was for the first time objected, that in the charge before the Court of Special Sessions, the prefix "un" had been omitted, making the charge allege that the defendant "lawfully" did the acts set forth.

*Held,* that as the error was not specified in the affidavit, required by section 751 of the Code of Criminal Procedure, it could not be considered.

*It seems,* that if the objection had been properly brought before the court it would have been sustained.

APPEAL from a judgment of the Court of Sessions of Queens county, affirming a judgment of a Court of Special Sessions convicting George Beatty, Stephen Hendrickson and Reuben Wanser of the offense of disturbing certain oyster beds of Baker and another, in Oyster Bay harbor, Queens county. In the Special Sessions the case was tried before a jury.

*W. R. Du Puy* and *W. T. B. Milliken,* for the appellants.

*John Fleming,* district attorney, for the people.

PRATT, J.:

We entertain no doubt that the judgment entered in the Court of Sessions was proper, so far as it relates to the merits of the case. We concur in the opinion of the learned county judge in that respect.

But the defendants now raise a point which does not seem to have been submitted at any stage of the procedings below, either before the justice or at the sessions, viz.: That the prefix "un" was omitted from the word "lawfully" in *the charge* before the Special Sessions, so that the charge of the offense, which was doubtless intended to allege that defendants *unlawfully* distributed and interfered with oyster beds, has charged that they lawfully did the acts alleged.

The section of the Code of Criminal Procedure (§ 56) which defines the jurisdiction of the Courts of Special Sessions, provides that they have in the first instance exclusive jurisdiction to hear and determine *charges* of misdemeanors committed within their respective counties, as follows: *   *   * " 25. Unlawfully taking and carrying away the oysters of another, lawfully planted upon the bed of a river, bay, sound or other waters within the jurisdiction of this State." It will appear from a comparison of the several subdivisions of paragraph 56 that the word " unlawfully " is an important one in defining the offenses over which the court has jurisdiction. The act of doing certain acts is treated as an offense. The doing of other acts is not criminal unless it be done " unlawfully." In this particular offense these distinctions are especially important. The act must be " unlawfully " one with respect to oysters " lawfully " planted.

The technical requirements of criminal procedure have doubtless been much simplified and abbreviated by the Code, but we think it clear that the final record must in some way show a *criminal* act. Beginning at the foundation, we find by section 145 that the information to the magistrate must allege that defendant has been guilty of some *designated* crime. Section 151 prescribes the form of " warrant of arrest," and indicates what shall be its *substantial* form, *i. e.*, its substance, which shall state " that the crime (designating it) has been committed," etc.

Section 152 requires that this warrant " *must* also state an offense in respect to which the magistrate has authority," etc. When the prisoner is brought before the magistrate he must immediately inform him of the *charge* against him. (Sec. 188.) If the case is to be tried before the Special Sessions " *the charge* against him must be distinctly *read* to him " (sec. 699), *i. e.*, it is not an *oral charge ;* it must be taken either from the information or the warrant on some record. Then follows the plea the same as to an indictment. (Sec. 700.) If the defendant pleads guilty or is convicted after a trial, " the court must render judgment thereon " (sec. 717), and " must make and sign a certificate of conviction," in substantially a form briefly designating *the* offense (sec. 721); *i. e.*, the offense stated in the information and necessarily stated in the warrant. (*Supra.*)

If the case stood alone we should doubtless feel bound to hold that the record on appeal disclosed no offense; indeed, that it affirmatively excluded any offense. The omission may have been clerical, but it was in matter of substance and not of form only. But this point cannot now be considered, because the record does not present it. An appeal may be taken by the presentation of " an affidavit, * * showing *the alleged errors*. * * complained of." (Sec. 751.) If the appeal is allowed under section 752, the magistrate shall make a *return* to all the matters *stated in the affidavit*, and must cause *the affidavit* and return to be filed, etc. It is thus obvious that the affidavit and return make up a sort of bill of exceptions which state only so much of the proceedings as were necessary to give point to the "alleged errors" stated in the affidavit. We find no reference in this affidavit to any informality or insufficiency in the information, the warrant, the arraignment, the reading of the charge, the judgment itself, or the certificate of conviction, neither of which in detail appear by the return. *Non constat*, these documents are each full to the point. We must assume that they are, or the defendant's counsel would have made some specifications in his assignment of "alleged errors" in his affidavit.

It therefore remains for us only to affirm the judgment of the sessions and remit this record to the Special Sessions and proceed as required by section 772.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed.